UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-61806

OLEG KORZUN,

    Plaintiff,

v.

AMLAW GROUP PLLC LLC
and CHARLES RAETHER, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, OLEG KORZUN ("KORZUN"), by and through his undersigned attorney, sues Defendants, AMLAW GROUP PLLC LLC ("AMLAW GROUP") and CHARLES RAETHER ("RAETHER") (collectively referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction of the action pursuant to the 28 U.S.C. § 1331 and the FLSA.

3. Venue properly lies in this judicial district because Plaintiff was an employee of Defendants in Broward County, Florida within the last three years.

4. Defendant, AMLAW GROUP PPLC LLC, is a foreign limited liability company that operates and conducts business in Broward County, Florida as a law firm, and is within the jurisdiction of this Court.

5.  At all times relevant to this action, Defendant, RAETHER, was an individual resident of the State of Florida and owned and operated the Corporate Defendant and regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of AMLAW GROUP. By virtue of having regularly exercised this authority on behalf of AMLAW GROUP, RAETHER was an employer as defined by 29 U.S.C. § 201, et. seq.

6.  During KORZUN's employment with Defendants, Defendant, AMLAW GROUP, earned more than $500,000 per year in gross revenue.

7.  During KORZUN's employment, Defendant, AMLAW GROUP, employed at least two employees who were engaged in interstate commerce within the meaning of 29 U.S.C. § 207(a). More specifically, AMLAW GROUP worked with clients overseas and assisted them with obtaining business visas in the United States, among other legal services.

8.  At all times material to this action, Defendant, AMLAW GROUP, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

9.  KORZUN is individually covered under the FLSA because he was engaged in interstate commerce by servicing Defendants' clients and transacting business across interstate lines.

10. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in possession and custody of Defendants.

## GENERAL ALLEGATIONS

11. In approximately October 2019, KORZUN was hired by Defendants to work as a law clerk.

12. KORZUN generally worked five days per week and usually worked from 9:30 am to 6:00 pm without a lunch break. KORZUN generally worked 42.5 hours per week.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

13. When KORZUN began his employment, he was paid $10 per hour, but after his probationary period ended, KORZUN's hourly rate was increased to $13 per hour.

14. During the relevant time period, KORZUN regularly worked more than forty (40) hours per week and was not paid time and one-half his regular rate of pay in excess of forty (40) per work week as required by C.F.R. § 778.112 and the FLSA. Despite one week in November 2019 where the Defendants paid KORZUN the proper overtime rate for his overtime hours, Defendants failed to properly compensate the Plaintiff.

15. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

16. KORZUN's employment ended on August 7, 2020.

## COUNT I: Recovery of Overtime Compensation (FLSA)

17. Plaintiff incorporates and re-alleges paragraphs 1-16.

18. At all times relevant to this action, Defendants failed to comply with the FLSA because KORZUN performed services for Defendants for which no provisions were made by Defendants to properly pay KORZUN for all overtime hours worked.

19. KORZUN was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

20. During his employment with Defendants, KORZUN was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

21. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay KORZUN overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurred attorneys' fees and costs.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

22. Defendants did not have a good faith basis for its failure to pay KORZUN overtime compensation for each hour worked in excess of forty (40) per work week.

23. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, OLEG KORZUN, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, OLEG KORZUN, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 3rd day of September 2020.

        Respectfully submitted,

        **GALLUP AUERBACH**
        *Counsel for Plaintiff*
        4000 Hollywood Boulevard
        Presidential Circle-Suite 265 South
        Hollywood, Florida 33021
        Telephone: (954) 894-3035
        Facsimile: (954) 894-8015
        E-mail: jaeurbach@gallup-law.com

        By:    /s/ Jacob K. Auerbach
                  JACOB K. AUERBACH
                  Florida Bar No.: 084003